■ LAURA Y. FAHY, Appellant, v SECURITY MUTUAL LIFE INSURANCE COMPANY, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered August 14, 1979 in Broome County, upon a decision of the court at a Trial Term, without a jury. On December 1, 1975, plaintiff commenced this action seeking to recover the sum of $500 per month in retirement income benefits pursuant to the terms of an insurance policy issued to her by defendant Security Mutual Life Insurance Company in March of 1940. The policy in question states on its face that, upon maturity, a monthly retirement benefit of $500 will be paid to the insured, and plaintiff seeks a declaration that she should receive such payments from defendant. In response, defendant asserts that the stated monthly payment was a mistake and that grounds exist for the equitable relief of reformation of the contract. Following a trial without a jury, the court agreed with defendant and held that the policy should be treated as providing plaintiff with a contractual right to receive from defendant payments of $4.50 per month for the rest of her life. This appeal ensued. Upon our review of the record herein, we find that the evidence conclusively establishes that the $500 monthly payment provided in the policy was a mistake and that reformation of the insurance contract was justified and properly granted. An examination of the evidence reveals that originally in 1940 plaintiff applied for and was issued a policy under which she would have received a death benefit of $1,000 and a monthly retirement income of $9 at age 60, together with an accidental death benefit, for an annual premium of $39.61. Shortly thereafter, she opted to exchange this policy for the policy at issue here, which provided for a $500 death benefit without the accidental death benefit feature and also for the disputed $500 monthly retirement benefit, all for a yearly premium of $19.25. For 35 years, until she reached the age of 60, plaintiff paid this annual premium, and her total premium payments ultimately amounted to $673.75. Now she asks that we declare that she is entitled to return in monthly payments of $500 for the rest of her life as a retirement benefit. In our view, however, it is unbelievable that plaintiff actually bargained for and expected to receive such a large retirement benefit after paying total premiums of less than $700, and we agree with the trial court that her testimony that this was her expectation is totally lacking in credence. Furthermore, it is likewise incredible that defendant's agent, who is now deceased, ever represented to plaintiff that a $500 monthly retirement benefit would be forthcoming at age 60 when the annual premium for such a benefit would have been $2,138 and not the $19.25 actually paid. Instead, these circumstances and the other evidence in the record admit of only one conclusion, namely, that the $500 monthly benefit provided on the face of the policy does not reflect the agreement between plaintiff and defendant, but rather resulted from an error committed when the parties' agreement was reduced to writing. Such being the case, the trial court correctly reasoned that this error must be corrected by reforming the insurance contract so that it will actually reflect the intentions of the parties (cf. *Harris v Uhlendorf,* 24 NY2d 463; *Nash v Kornblum,* 12 NY2d 42). Accordingly, we must lastly consider whether the reformation of the contract as directed by the trial court accurately reflects the actual agreement by the parties, and we conclude that it clearly does. Not only is the $4.50 monthly payment the amount which plaintiff's premium payments would have earned on her $500 death benefit policy in accordance with the rates prevailing in March of 1940, but it is also precisely one half of the $9

monthly payment to which plaintiff would have been entitled had she elected to keep her original $1,000 death benefit policy which was admitted into evidence. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.