■ ROBERT FOSTER et al., Appellants, v CITRUS COUNTY LAND BUREAU, INC., et al., Respondents.—In an action, inter alia, to recover punitive damages for the alleged breach of an agreement by the defendant Citrus County Land Bureau, Inc. (hereinafter Citrus), to use its "best efforts" to obtain construction contracts for the plaintiff Gulf Homes, Inc. (hereinafter Gulf), and for injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), entered June 2, 1986, which, inter alia, denied the plaintiffs' motion for summary judgment and granted the defendants' motion for summary judgment dismissing the plaintiffs' amended complaint.

Ordered that the judgment is affirmed, with costs.

At issue in this case is the duration of an obligation of Citrus to Gulf under a January 6, 1973 agreement which required Citrus to "use its best efforts to obtain contracts from third parties to whom [Citrus] sold or in the future may sell building lots". The underlying agreement was for the sale by Citrus of all outstanding shares of its subsidiary corporation, Gulf, to the plaintiffs Foster and Gulkin. Gulf was engaged in the construction of homes on building lots owned by Citrus. The termination date of the "best efforts" obligation was not specified. Citrus also agreed to continue to provide Gulf with free office space until July 1, 1975. Foster and Gulkin agreed to issue to Citrus certain promissory notes securing the bal-

ance of the purchase price, which notes were payable by May 1, 1974.

Until about March 1978, Citrus, for over five years, continued to use its "best efforts" to obtain contracts for Gulf, but then announced its creation of a new wholly owned subsidiary corporation, the defendant Highland Builders, Inc., to engage in the construction of buildings. Citrus directed all of its efforts to provide its subsidiary with construction contracts, thus unilaterally, and without notice, terminating its agreement with the plaintiffs as to Gulf. Thereafter, the plaintiffs commenced this action, *inter alia,* seeking an injunction restraining Citrus from violating the agreement and from interfering with the plaintiffs' business.

Upon the parties' respective motions for summary judgment, the court determined that the subject agreement was in the nature of a contract of employment or agency, and since no fixed or determinable duration of Citrus's obligation was specified, the agreement was terminable at will by either party. The court also noted that even if it held that the contract was to be interpreted as terminable within a reasonable time, at best, the agreement could have been terminated by either party at any time after July 1, 1975, the termination date of Citrus's obligation to provide Gulf with free office space. However, it correctly pointed out that the "reasonable time" rule does not apply to contracts in the nature of "employment or exclusive agency" *(Haines v City of New York,* 41 NY2d 769, 772-773). We agree.

Although the plaintiffs contend that Citrus's "best efforts" obligation was to continue until it ceased to sell homesite lots in the area, there is no provision in the contract expressing the parties' intention with respect to such a durational limitation. Also, contrary to the plaintiffs' assertions on this appeal, the "best efforts" provision under paragraph "11" of the agreement is not ambiguous, but plainly fails to make any reference whatsoever to the intended period of performance. Accordingly, the intention of the parties as to the duration of the obligation was properly determined by the court as a question of law from the four corners of the contract since no triable issue of fact was raised *(see, General Phoenix Corp. v Cabot,* 300 NY 87). Mangano, J. P., Brown, Niehoff and Kooper, JJ., concur.