■ ERNEST S. KNOWLES, Appellant, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION, Respondent.—Order unanimously affirmed with costs. Memorandum: Plaintiff, after 19 years of service, retired from employment at the State University College at Alfred in 1985. Based upon financial information supplied by the State University, defendant TIAA calculated that plaintiff was entitled to a monthly annuity payment of $1,051.17. A written agreement providing for payments in that amount was prepared by TIAA and signed by the parties, and, commencing with the June 1985 payment, defendant issued checks in that amount to plaintiff. Defendant claims that a few months later it became aware that a State Univer-

sity employee entered the wrong figure for accumulated premiums in plaintiff's annuity account and that the amount of accumulated premiums was overstated, resulting in an overpayment of monthly benefits to plaintiff. Defendant wrote to plaintiff in September of 1986, advising of the error and the need to rewrite their contract and requesting that plaintiff return the 1985 agreement to TIAA. According to defendant, plaintiff acknowledged that he understood how the error occurred and agreed to return the earlier agreement so it could be rewritten. Plaintiff denies that he acknowledged any error or that he offered to return the agreement, and it is uncontroverted that the 1985 agreement was not returned to TIAA. Defendant then unilaterally reduced the amount of monthly payments to recoup the alleged overpayments and to reflect its calculation of the proper benefit amount due plaintiff. Plaintiff commenced this action for a judgment declaring the rights of the parties under the 1985 agreement, and following joinder of issue, moved for summary judgment. Supreme Court denied the motion.

We affirm the denial of summary judgment, but not for the reason stated by the court. Where, as here, an agreement expressly prohibits amendment or modification without a writing, the Statute of Frauds requires that the modification be in writing unless plaintiff partially performed the agreement as modified or engaged in significant conduct unequivocally consistent with the alleged oral modification (see, General Obligations Law § 15-301 [1]; *Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344). The record is devoid of evidence that plaintiff engaged in conduct consistent with an alleged oral modification and thus, Supreme Court erred in concluding that factual issues were raised whether plaintiff waived the requirement of a written modification. Summary judgment was properly denied, however, as factual issues were raised whether an error in reporting plaintiff's accumulated annuity premiums amounted to a mistake which warrants reformation of the contract (see, *Metropolitan Life Ins. Co. v Oseas*, 261 App Div 768, *affd* 289 NY 731; *Hadley v Clabeau*, 161 AD2d 1141; *Fahy v Security Mut. Life Ins. Co.*, 74 AD2d 984; *Court Tobacco Stores v Great E. Ins. Co.*, 43 AD2d 561). (Appeal from Order of Supreme Court, Steuben County, Finnerty, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Balio, JJ.