■ ELIZABETH W. LENT, Respondent, v MARGARET T. CEA, Appellant. [619 NYS2d 166] —Peters, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 22, 1992 in Ulster County, upon a decision of the court in favor of plaintiff.

Pursuant to a written contract of sale dated June 1986, plaintiff agreed to sell to defendant real property located in the Town of New Paltz, Ulster County. Such contract included two restrictive covenants which limited construction on the property to one residence of not less than 2,600 square feet. By deed dated October 21, 1986, the property was transferred without the restrictive covenants included. Plaintiff commenced this action seeking reformation of the deed. After a nonjury trial, Supreme Court found the existence of a mutual mistake and judgment was entered ordering reformation. Defendant appeals.

It is well settled that equity will reform an instrument that, by mistake, does not reflect the agreement reached between the parties *(see, Beebe v La Pierre,* 114 AD2d 668, 669; *see also, Harris v Uhlendorf,* 24 NY2d 463, 467). "Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected" *(Born v Schrenkeisen,* 110 NY 55, 59 [citation omitted]; *see, Nash v Kornblum,* 12 NY2d 42, 47). Thus, when parties have a real and existing agreement on particular terms and then subsequently find themselves signatories to a writing which does not accurately reflect the agreement reached, the error may be corrected by reforming the contract so that it will accurately reflect the intentions of the parties *(see, Harris v Uhlendorf, supra,* at 467; *Fahy v Security Mut. Life Ins. Co.,* 74 AD2d 984). The burden of proof is on the plaintiff to establish the cause for reformation by clear and convincing evidence *(see, Nash v Kornblum, supra,* at 46).

Here, the record reflects that these restrictive covenants were specifically referenced in the written contract which was freely entered into by these parties, all represented by counsel. All conduct and correspondence thereafter was consistent with that agreement. Hence, we find that plaintiff has sus-

tained her burden by showing that an agreement was reached between these parties that such restrictions would be included in the deed and that, due to a scrivener's error, they were excluded *(see, Harris v Uhlendorf, supra; Nash v Kornblum, supra)*. Accordingly, deferring to Supreme Court's determination of credibility *(see, Kellogg v Kellogg,* 185 AD2d 426), we find that plaintiff has sustained her burden in this action for reformation.

As to all other contentions raised, we find them to be without merit.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.