[632 NYS2d 901]

Loyalty Life Insurance Company, Appellant, v Joanne A. Fredenberg et al., Respondents.

Third Department, November 2, 1995

### APPEARANCES OF COUNSEL

*Cook, Tucker, Netter & Cloonan, P. C.,* Kingston *(Robert D. Cook* of counsel), for appellant.

*Maynard, O'Connor, Smith, Catalinotto & D'Agostino,* Albany *(Joseph C. Scala* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

In 1986 plaintiff issued a policy of insurance in the face amount of $1,500,000 on the life of defendant Roland A. Augustine with defendant Joanne A. Fredenberg as owner. The policy was part of an estate and financial plan intended to permit the continued operation of defendants' business agency if its sole shareholder and director died and financially provide for the survivors of Augustine. As written, the policy carried a monthly premium of $7,289.61. In March 1990, in response to an inquiry on behalf of defendants, a duly authorized agent of plaintiff advised, and subsequently confirmed in writing on March 27, 1990, that a reduction in the face amount of the policy to $1,000,000 would eliminate the need for further premium payments by defendants until Augustine, who was than 70 years of age, reached age 88. Based on this representation and the policy endorsement to that effect issued in May 1990, Fredenberg ceased making the premium payments. As of the date of the last premium payment, a total of $262,819.45 in premiums had been paid. Almost a year later, in February 1991, plaintiff informed Fredenberg that plaintiff's communication of March 27, 1990 was in error and

a payment of $40,858.98 followed by monthly payments of $4,500 was necessary to keep the policy in force and effect.

Plaintiff thereafter declared that the policy had lapsed for nonpayment of premiums and commenced this declaratory judgment action seeking a declaration to that effect. Defendants counterclaimed seeking, *inter alia,* a declaration that the policy remained in full force without payment of additional premiums until Augustine reached 88 years of age. After issue was joined, both parties moved for summary judgment. Supreme Court, finding that the mistake was not obvious and that defendants had detrimentally relied on the representation, denied plaintiff's motion and granted defendants' cross motion to the extent of declaring that the amended policy remained in full force and effect without the need of additional premium payments until Augustine reaches 88 years of age. Plaintiff appeals.

It is undisputed that the amended policy unambiguously requires no additional premium payment beyond that which plaintiff has received until Augustine reaches age 88. Thus, in order for plaintiff to be entitled to the relief it seeks, i.e., a declaration that the policy has lapsed due to nonpayment of premiums, the amended policy must first be reformed to require the premium payments claimed by plaintiff as due and unpaid. Mutual mistake and fraudulently induced unilateral mistake are the classic grounds for reformation *(see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219).

Mutual mistake occurs when the parties have reached an oral agreement and, unknown to either, the subsequent writing does not express that agreement *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 573). Thus, reformation will be granted to an insurer who establishes that its insured knew or should have known of an obvious scrivener's mistake in the policy *(see, e.g., Metropolitan Life Ins. Co. v Oseas,* 261 App Div 768, *affd* 289 NY 731; *Fahy v Security Mut. Life Ins. Co.,* 74 AD2d 984).* Here, there was no obvious scrivener's error. Rather, the amended policy clearly reflected defendants' intent and, therefore, there was no mutual mistake *(see, Backer Mgt. Corp. v Acme Quilting Co., supra,* at 219).

This is clearly a case of plaintiff's unilateral mistake *(see, Harris v Uhlendorf,* 24 NY2d 463, 468), which is insufficient in and of itself to merit reformation *(see, Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644, 646). It must be shown that the parties reached an agreement and, unknown to one party but

known to the other (who has misled the first), the subsequent writing does not properly express that agreement (see, Chimart Assocs. v Paul, supra, at 573). There is no evidence that plaintiff's mistake was the product of any fraudulent misrepresentation by defendants (see, Barclay Arms v Barclay Arms Assocs., supra, at 646-647).

Plaintiff contends that it would be unconscionable to permit defendants to be unjustly enriched by the amended policy. When a contract does not violate public policy and its effect is not so onerous as to shock the conscience, a party will not be relieved of the duty to abide by the contract merely because it is a burdensome bargain (see, Backer Mgt. Corp. v Acme Quilting Co., supra, at 218). Here, there is no violation of public policy and we do not find the amended policy so onerous as to shock the conscience. Defendants have paid a substantial amount in premiums, an amount which apparently would be sufficient to pay for the coverage provided in the amended policy if the insured were in good health. In calculating the effect of the reduction in coverage provided by the amended policy, plaintiff's employee apparently failed to take into account the extra mortality rating that previously had been applied to Augustine under the original policy because of his medical condition. The result may be a burdensome bargain but we see no basis for the court's exercise of its equitable powers to relieve plaintiff of its contractual obligation (see, supra). The amended policy was the product of an arm's length transaction between sophisticated, knowledgeable parties and plaintiff's claim of unilateral mistake is insufficient to defeat defendants' motion for summary judgment (see, Chimart Assocs. v Paul, supra). Inasmuch as reformation is an equitable matter, we also note the length of the delay in discovering the mistake and defendants' detrimental reliance on the amended policy in structuring the finances of their business.

CARDONA, P. J., MIKOLL, MERCURE and WHITE, JJ., concur.

Ordered that the order is affirmed, with costs.