◼ PRISCILLA J. WEED, Respondent, v EUGENE C. WEED, Appellant. [634 NYS2d 569] —Crew III, J. Appeal from a judgment of the Supreme Court (Fitzer, J.H.O.), entered February 11, 1993 in Ulster County, upon a decision of the court in favor of plaintiff.

On July 28, 1977, plaintiff and defendant entered into a written separation agreement governing, *inter alia*, the disposition of the parties' marital residence located in the community of Walker Valley, Ulster County. Plaintiff continued to reside in the marital residence until the parties were granted a divorce in 1982. Although the separation agreement provided that the parties were to jointly pay all taxes, insurance and other expenses incurred in the maintenance of the Walker Valley property, it appears that it was defendant who paid for the expen-

ses associated with maintaining the property, including the mortgage, during the parties' separation.

In connection with their divorce, plaintiff and defendant entered into a mortgage agreement whereby plaintiff conveyed her interest in the Walker Valley residence and property to defendant, in exchange for which plaintiff received a mortgage from defendant for 50% of the property's fair market value, fixed at $140,000. The mortgage provided for an initial down payment of $5,000, followed by monthly payments in the amount of $500 for a five-year period, at the conclusion of which defendant was required to make a balloon payment in the amount of $40,000.

Although defendant made each of the required monthly payments, he failed to make the required balloon payment in October 1987. Plaintiff thereafter commenced this action seeking, *inter alia*, to set aside the separation agreement and mortgage due to defendant's alleged fraud. Defendant answered and counterclaimed contending, *inter alia*, that plaintiff had failed to pay her share of the Walker Valley property expenses during the period of their separation as required by the underlying agreement. Following a nonjury trial, Supreme Court dismissed plaintiff's fraud cause of action and defendant's counterclaim, reformed the 1982 mortgage based upon the parties' alleged mutual mistake as the property's value, canceled the mortgage and entered judgment in favor of plaintiff. This appeal by defendant followed.

Assuming, without deciding, that plaintiff's complaint sets forth a viable and timely request for reformation of the mortgage, we are of the view that such relief should not have been granted here. It is well settled that in proper circumstances, mutual mistake or fraud may provide the basis for reforming a written instrument that does not reflect the actual agreement reached between the parties (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 573; *Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 218-219; *Lent v Cea*, 209 AD2d 820). Inasmuch as there is a "heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties" (*Backer Mgt. Corp. v Acme Quilting Co., supra*, at 219), the party seeking reformation must establish the requisite fraud or mistake by clear and convincing evidence (*see, Lent v Cea, supra*). No such showing has been made here.

Although plaintiff's appraiser testified, based upon an appraisal he conducted in 1987, that the Walker Valley property should have been valued at $170,000 in 1982, as opposed to

$140,000, this alone does not establish any fraud or deceit on the part of defendant with respect to the execution of the mortgage. Additionally, any assertion that there was a mutual mistake as to the property's fair market value is belied by the record. Defendant testified that he obtained the $140,000 figure from a local realtor, and plaintiff testified that she never questioned this figure. Indeed, the record indicates that plaintiff raised no objection to the terms of the mortgage until defendant failed to make the required balloon payment. In short, there simply is no proof of fraud or mutual mistake and, as such, reformation of the mortgage was improper. That is not to say, however, that plaintiff is without a remedy. When defendant defaulted upon the mortgage, plaintiff had two options: commence an action to recover a judgment for the mortgage debt or commence an action to foreclose the mortgage (*see generally*, 78 NY Jur 2d, Mortgages and Deeds of Trust, § 417, at 269-270). Although plaintiff's complaint may have been inartfully drafted, plaintiff essentially is seeking to recover the mortgage debt and, inasmuch as defendant concededly is in default of the mortgage, plaintiff is entitled to judgment for the balance due thereunder, plus interest at the agreed-upon rate of 2%. Defendant's remaining contentions, including his assertion that Supreme Court erred in dismissing his counterclaim, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as reformed and canceled the note and mortgage and awarded plaintiff $81,490.67 thereon; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.