■ WALTER BELL et al., Respondents, v MARINE MIDLAND BANKS, INC., et al., Appellants. [646 NYS2d 366] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered September 22, 1995, which, upon granting reargument to the plaintiffs, denied the defendants' motion for summary judgment and reinstated the amended complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the amended complaint is dismissed.

The plaintiffs were directors of Westchester Financial Services Corporation (hereinafter Westchester Financial), a banking institution in the County of Westchester. The defendant Marine Midland Banks, Inc. (hereinafter Marine) proposed a merger with Westchester Financial. As part of the proposal, the defendants represented to the plaintiffs that a regional advisory board would be formed after the merger; that Marine customarily maintained such regional boards where it did business; and that the plaintiffs' service on the regional advisory board was desired and would terminate only upon their voluntary retirement, malfeasance, or death. The merger between the two institutions was effectuated in accordance with the terms set forth in a merger agreement.

The merger agreement addressed the named plaintiffs' service on the regional advisory board, and the compensation and retirement benefits, but not the duration of their service. The letter officially inviting the plaintiffs to join the regional advisory board made no mention of any of the representations. The defendants dissolved the regional advisory board two years after the merger. This lawsuit ensued. The plaintiffs alleged causes of action sounding in breach of contract, reformation of the merger agreement based on mutual mistake, fraud, and equitable estoppel.

As to the first cause of action, the plaintiffs are precluded from introducing parol evidence of the pre-merger representations to demonstrate facts contrary to the merger agreement or the letter of official invitation to join the board (*see, Matter of New York Agency of Bank of Credit & Commerce Intl. v Superintendent of Banks of State of N. Y.,* 227 AD2d 145). It is well settled that when a contract is silent as to the duration of

employment, the general rule is that the term of employment is terminable at will by either party (*see, Sabetay v Sterling Drug*, 69 NY2d 329, 333; *Foster v Citrus County Land Bur.*, 133 AD2d 665, 666).

Given that the merger agreement included the invitation to the plaintiffs to join the regional advisory board at a certain level of compensation, and also included retirement benefits, the pre-merger representations are not extraneous to the merger agreement. Thus, the representations cannot sustain a cause of action sounding in fraud apart from a breach of contract cause of action (*see, Noufrios v Murat*, 193 AD2d 791, 792).

The plaintiffs' cause of action for reformation based on mutual mistake fails because they have not met their burden by demonstrating a "high level" of proof that the defendants knew or should have known of the mistaken omission in the merger agreement (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 571; *Loyalty Life Ins. Co. v Fredenberg*, 214 AD2d 297, 299; *Matter of Wallace v 600 Partners Co.*, 205 AD2d 202, 207, *affd* 86 NY2d 543). Their offer of proof consisted of the plaintiffs' allegations of an oral promise made at a meeting. The alleged promise, however, was not evidenced in the minutes of that meeting, thus offering the plaintiffs no support of their claim.

Finally, equitable estoppel is inapplicable to this case (*see, Ginsburg v Fairfield-Noble Corp.*, 81 AD2d 318). Bracken, J. P., Thompson, Joy and Krausman, JJ., concur.