■ EVERGREEN BANK, N.A., Appellant, v ANDREW M. PHANEUF et al., Respondents, et al., Defendants. [664 NYS2d 693] —Peters, J. Appeal from that part of an order of the Supreme Court (Ryan, Jr., J.), entered October 31, 1996 in Clinton County, which denied plaintiff's motion to strike the counterclaims of defendant Andrew M. Phaneuf and defendant John C. Fitzpatrick.

Defendant Pamela I. Phaneuf executed a note in the amount of $250,000 in favor of plaintiff which was collaterally secured by a mortgage on three parcels of property located in the City of Plattsburgh, Clinton County, owned by Pamela I. Phaneuf, defendant Andrew M. Phaneuf (hereinafter Phaneuf) and defendant John C. Fitzpatrick. In May 1995, plaintiff commenced a foreclosure action as a result of the property taxes being delinquent, which violated the terms of the mortgage. In their answers, Phaneuf and Fitzpatrick, *inter alia*, interposed identical counterclaims alleging that plaintiff misrepresented its intentions in order to induce them to execute the mortgage, thereby constituting an unfair business practice. Plaintiff moved for summary judgment seeking, *inter alia*, dismissal or severance of Phaneuf's and Fitzpatrick's counterclaims.

Supreme Court denied plaintiff's motion to dismiss the counterclaims; however, it granted the motion to the extent of severing the counterclaims. Plaintiff appeals.*

Pursuant to the terms of the mortgage, all taxes were required to be paid within 30 days after the due date. An additional provision of the mortgage states that any changes to the mortgage must be in writing. There is no dispute that the property taxes are not current. Phaneuf asserts, however, that the parties had a tacit agreement, evidenced by years of late tax payments, whereby the property taxes on the mortgaged premises could remain unpaid until the redemption date. It is well settled that "[a] mortgage is presumed to manifest the intentions of the parties" (*Home & City Sav. Bank v Jamel Realty Corp.*, 186 AD2d 936, 938; *see, Weed v Weed*, 222 AD2d 800, 801). There is no ambiguity in the terms of the mortgage. As such, we find Phaneuf's assertions, contradicting the terms of the mortgage, insufficient to create an issue of fact regarding the misrepresentation claims such as to preclude the grant of summary judgment (*see, West v Szwalla*, 234 AD2d 638, 639; *see also, Marine Midland Bank v Cafferty*, 174 AD2d 932, 933). Consequently, we conclude that the dismissal of the counterclaims is warranted.

Cardona, P. J., White and Spain, JJ., concur; Mercure, J., not taking part. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the counterclaims of defendant Andrew M. Phaneuf and defendant John C. Fitzpatrick; motion granted to that extent, partial summary judgment awarded to plaintiff and said counterclaims are dismissed; and, as so modified, affirmed.

---

* It should be noted that only Phaneuf responded to plaintiff's appeal.