■ WILLIAM H. SCOTT, JR., Respondent, v HEALTH CARE PLAN, INC., et al., Appellants. (Action No. 1.) WILLIAM H. SCOTT, JR., Respondent, v HEALTH CARE PLAN, INC., Appellant. (Action No. 2.) [668 NYS2d 841] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendants' motion seeking dismissal of the causes of action for breach of contract alleged in two separate actions. Even assuming, arguendo, that the 1992 and 1993 letters constitute enforceable contracts creating an exclusive agency relationship, the letters contain no provision relating to duration and thus are presumed to be terminable at will (*see, Sabetay v Sterling Drug*, 69 NY2d 329, 333; *Liberty Imports v Bourguet*, 146 AD2d 535, 537; *Foster v Citrus County Land Bur.*, 133 AD2d 665, 666; *Arledge v Stratmar Sys.*, 948 F2d 845, 847-848). Plaintiff therefore has no cause of action for termination of the exclusive agency relationship.

Further, plaintiff has no cause of action for breach of the provision in the 1992 letter restricting the use of data produced in the preparation and administration of health insurance programs to compete with existing contracts. That restriction merely precludes defendant Shared Health Options, Inc., from competing with plaintiff during the existence of the exclusive agency relationship. Likewise, the court should have dismissed the causes of action for unfair competition and theft of trade secrets, which are based upon the same conduct as the alleged violation of the restriction.

The court properly denied that part of the motion seeking to dismiss the causes of action for unjust enrichment. Defendants failed to submit documentary evidence that "flatly contradicted" the allegations that plaintiff performed services and prepared data in connection with bids that were subsequently submitted by defendant Health Care Plan, Inc. (HCP); that plaintiff expected to be compensated for those services; and that it

would be unjust to allow HCP to benefit from those services without compensating plaintiff (*Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936).

The court also properly denied that part of defendants' motion seeking to disqualify the law firm representing plaintiff. With respect to the surviving causes of action for unjust enrichment, defendants failed to establish that they had an attorney-client relationship with plaintiff's law firm (*see, Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131, *rearg denied* 89 NY2d 917).

Thus, we modify the order by granting in part defendants' motion and dismissing the first and third causes of action of the complaint in the first action and the first, second, third and fifth causes of action of the amended complaint in the second action. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.