■ New York Studios, Inc., et al., Respondents, v Steiner Digital Studios et al., Appellants. [53 NYS3d 526]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 15, 2016, which, to the extent ap-

pealed from as limited by the briefs, denied defendants' motion to dismiss the causes of action for usurpation of corporate opportunities and an accounting, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The parties' operating agreement, which allows defendants to compete with plaintiff Eponymous Associates, LLC, does not flatly contradict plaintiffs' claim that defendants usurped Eponymous's corporate opportunities and assets (*see* CPLR 3211 [a] [1]; *Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999], *affd* 94 NY2d 659 [2000]; *see also Leon v Martinez*, 84 NY2d 83, 88 [1994]). However, the claim is not pleaded with the requisite particularity (*see* CPLR 3016 [b]; *Peacock v Herald Sq. Loft Corp.*, 67 AD3d 442, 443 [1st Dept 2009]).

In the absence of an allegation that plaintiffs demanded an accounting, the claim for an accounting fails to state a cause of action (*see Unitel Telecard Distrib. Corp. v Nunez*, 90 AD3d 568 [1st Dept 2011]; *Adam v Cutner & Rathkopf*, 238 AD2d 234, 241 [1st Dept 1997]; *compare Kaufman v Cohen*, 307 AD2d 113, 123-124 [1st Dept 2003]). Concur—Renwick, J.P., Richter, Feinman, Gische and Kahn, JJ.