New York Studios Inc. v Steiner Digital Studios (2022 NY Slip Op 01881)





New York Studios Inc. v Steiner Digital Studios


2022 NY Slip Op 01881


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 451564/19 Appeal No. 15462 Case No. 2021-01372 

[*1]New York Studios Inc., etc., et al., Plaintiff-Appellant,
v
Steiner Digital Studios et al., Defendant-Respondent, J.H. Cohn, etc., Defendant.


Mandel Bhandari LLP, New York (Evan M. Mandel of counsel), for appellant.
Guazzo & Guazzo, New York (Delia M. Guazzo of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 29, 2020, which granted defendants' motion to dismiss the complaint and denied plaintiff's motion for leave to amend, unanimously affirmed, with costs.
Plaintiff New York Studios (NYS) secured development rights for the Brooklyn Navy Yard (BNY). NYS and defendant Steiner Digital Studios (SDS) formed Eponymous, Associates, LLC (LLC) a limited liability company, to develop BNY. NYS held a 10% interest and SDS held a 90% interest in the LLC. Defendants Douglas and David Steiner (the Steiners) are the sole shareholders, officers and directors of SDS. The Steiners are the LLC's sole managers. In 2012, NYS commenced an action against SDS and the Steiners for breach of the LLC's operating agreement and breach of fiduciary duty. The only causes of action that survived the pre-answer dismissal motion were the usurpation of assets and opportunities, and the accounting claims. Supreme Court dismissed the breach of the operating agreement claims against the Steiners, sued personally and not as managers of the LLC, because section 5.8 of the operating agreement insulates managers from personal liability. On appeal, we dismissed both claims — the usurpation claim for failing to set forth the requisite particularized allegations and the accounting claim for failing to allege that an accounting was demanded (New York Studios, Inc. v Steiner Digital Studios, 151 AD3d 454 [1st Dept 2017]).
In October 2017, plaintiff commenced the instant action, again asserting a cause of action for usurpation of assets and opportunities and a cause of action for an accounting against the Steiners and SDS as well as a cause of action for the imposition of a constructive trust. Defendants moved to dismiss on various grounds, including failure to state a claim, and plaintiffs moved for leave to amend the complaint to, among other things, remove the exclusion stated therein that the Steiners are not being sued in their capacity as managers with a fiduciary duty to Eponymous and to add additional factual allegations.
Contrary to defendants' arguments, the prior decisions did not make a merits determination as to whether section 5.8 insulated the Steiners from managerial liability. Regardless, the court correctly dismissed the usurpation cause of action as alleged in the complaint, and denied as futile the proposed amendment of that claim, as both suffered from the same lack of adequate pleading as did the usurpation cause of action dismissed in the prior action. The court also correctly denied plaintiff's request for leave to file a new amended complaint that would include additional usurpation allegations, as plaintiff has not submitted a proposed second amended complaint as required by CPLR 3025(b). Further, permission to file a new amended complaint setting forth usurpation allegations first identified at the appellate stage would not be appropriate because the basis for the proposed new amendment is additional [*2]facts that have not previously appeared anywhere in the record and that are being used to assert an entirely new basis for alleging a usurpation claim (see Besen v Farhadian, 195 AD3d 548, 550 [1st Dept 2021]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022