| **Ding v Frank** |
|:---:|
| 2025 NY Slip Op 30863(U) |
| March 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651980/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                    PART            11M

*Justice*

-------------------------------------------------------------------------------X

ANDREW DING,                                          INDEX NO.        651980/2024

                        Plaintiff,                    MOTION DATE      11/19/2024

            - v -                                     MOTION SEQ. NO.      003

JOSHUA FRANK, NANAE MAMEUDA FRANK, STRING &
BRASS, LLC                                            **DECISION + ORDER ON
                                                          MOTION**
                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 139, 140

were read on this motion to/for                    DISMISSAL                    .

This action was commenced as a special proceeding seeking, *inter alia*, dissolution of the LLC defendant.  By order of this Court dated May 31, 2024, the action was converted into a plenary action.  Defendant now moves, pursuant to CPLR § 3211 (a)(7), to dismiss the petition in its entirety. Plaintiff opposes.  For the reasons set forth below the motion to dismiss is granted in part.

## *Background*

Plaintiff and defendant Joshua Frank are the only owners of String & Brass LLC (S&B). S&B was formed as a limited liability company, by plaintiff and defendant Joshua Frank on May 10, 2017, without an operating agreement.  S&B owns and operates the restaurant known as "The Expat" located in Manhattan at 64 Tiemann Place, New York, New York 10027.

Plaintiff alleges that defendant Joshua Frank has conspired with his wife, defendant, Nanae Frank, to freeze plaintiff out of the business.

## *Standard of Review*

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v. Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268

### *Discussion*

Plaintiff seeks the judicial dissolution of S&B pursuant to §702 of the New York Limited Liability Company Law, an order of the Court compelling defendant to buyout plaintiff's 50% membership interest in S&B.  Plaintiff alleges breach of fiduciary duty, individually and derivatively on behalf of S&B, and demands an accounting and inspection of corporate books and records.  Plaintiff also asserts claims as against Nanae for aiding and abetting Joshua's alleged breach of fiduciary duty and for tortious interference with contract.

The petition contains twelve causes of action. The Court will address each in turn.

#### First Cause of Action- Judicial Dissolution

Pursuant to Limited Liability Company Law § 702, a member may seek judicial dissolution "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." LLCL § 702.

Plaintiff has not met its burden in demonstrating that the purpose of the business is no longer practicable.  While plaintiff attempts to rely on *Matter of Chef Tang LLC v Orchard Hospitality Corp.,* 231 AD3d 40, in support of its position that ambiguity in an operating agreement is analogous to no operating agreement, therefore a question exists with respect to the purpose of the subject LLC, the Court does not agree.  In *Chef Tang*, there was a dispute as to

what the stated purpose was pursuant to the operating agreement, here, the petition does not allege there is any dispute as to the purpose of the LLC. The petition simply alleges in support of its dissolution cause of action that "it is not reasonably practicable to carry on the business of said company." NYSCEF Doc. 1, ¶91. Plaintiff contends that it is being "frozen out" of the business, not that the business is not performing as intended.

To the contrary, the petition alleges that the business continues to perform the services intended by its members, albeit with changes to the menu. Accordingly, plaintiff has failed to establish that judicial dissolution is the appropriate remedy, and that cause of action is dismissed.

*Second Cause of Action- Purchase of Membership Interest*

The petition alleges that based on the dissolution of S&B, the Court may order defendants to buy out plaintiff's membership interest. Based on the dismissal of the cause of action seeking judicial dissolution, the cause of action seeking a buy-out must also be dismissed.

*Third Cause of Action- Specific Performance*

Defendant contends that the complaint fails to adequately plead the existence of a contract, specifically entitlement to specific performance. The petition alleges that although the plaintiff and defendant Joshua were in communication regarding a potential buy out, no such agreement was reached. Specifically, plaintiff alleges that respondents rescinded their offer.

To state a claim for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages. *VisionChina Media Inc. v Shareholder Representative Servs*., LLC, 109 AD3d 49, 58 [1st Dept 2013]. To state a claim for specific performance, the pleader "…must demonstrate that a tender of his or her own performance was made, unless tender was waived or the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract

or establishing that such party was unable to perform." *Lower v Village of Watkins Glen*, 17 AD3d 829 [3d Dept 2005].

Based on the allegations in the petition, the Court finds that an existence of a contract has not been properly pled, thus specific performance is not a viable cause of action. Accordingly, the third cause of action is dismissed.

*Fourth Cause of Action- Derivative Breach of Fiduciary Duty; Sixth Cause of Action- Breach of Fiduciary Duty; and Seventh Cause of Action- Aiding and Abetting Breach of Fiduciary Duty*

Defendants seek to dismiss the fourth, sixth and seventh causes of action, based on plaintiff's alleged failure to plead those causes of action with particularity as required by the CPLR and fails to specify damages.

In opposition, plaintiff contends that petition alleges sufficient allegations with respect to the fourth, sixth and seventh causes of action. Plaintiff then specifically cites to paragraphs in the petition that allege damages to the LLC.

The elements of a cause of action to recover damages for breach of fiduciary duty are the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct. *106 N. Broadway, LLC v Lawrence* 189 AD3d 733 [2020]. "A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016 (b)" *Id.*

To adequately state a claim for aiding and abetting breach of a fiduciary duty plaintiff must plead "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Kaufman v Cohen*, 307 AD2d 113, 125 [1st Dept 2003].

The petition alleges that defendant Joshua has engaged in conduct that is harmful and will stand to be harmful to S & B. Specifically, the complaint alleges that removal of popular menu items, the change in kitchen staff and the alleged misappropriation of funds has caused the LLC harm, however the complaint fails to allege any specific harm. There are no allegations that there has been a loss of revenue or any negative impacts on the business.

Accordingly, because the petition fails to properly state a cause of action for breach of fiduciary duty, a cause of action of aiding and abetting a breach of fiduciary duty is not viable.

*Fifth Cause of Action- Books and Records and Eleventh Cause of Action- Accounting*

Defendants contend that these two causes of action should be dismissed because plaintiff has not been denied access to the books and records, nor has plaintiff requested an accounting. The petition does however allege that a request for books and records was made by plaintiff and denied; however, the petition is silent as to any requests for an accounting and does not allege that defendants have failed to provide him one.

Defendants' contentions that plaintiff has not been denied access to books and records, and that that portion of the petition is now moot, based on this Court's prior order, is insufficient to warrant dismissal. The contention that plaintiff has not been denied access is factual and not a legal basis to dismiss plaintiff's cause of action. Further, plaintiff contends, and this Court agrees, that the prior order was a not a final determination on the merits of that cause of action and therefore does not render the cause of action for books and records moot.

As to the cause of action for an accounting, defendants have established entitlement to dismissal as it is undisputed that no such request was made, (*see NY Studios, Inc. v Steiner Digital Studios,* 151 AD3d 454, 455 [1st Dept 2017]; *NAB Constr. Corp. v New York City Paper*

[* 5]

*Mill*, 265 AD2d 312 [2nd Dept1999]).   Accordingly, the fifth cause of action survives the instant motion, and the eleventh cause of action is dismissed.

*Eighth Cause of Action- Tortious Interference with Contract*

The elements of tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (*Nero v Fiore*, 165 AD3d 823, 825 [2d Dept 2018]).

Here, the Court finds that the complaint is insufficient to state a cause of action for tortious interference with contract.  The complaint is devoid of any allegations that any third party breached a contract with plaintiff as a direct result of defendant's inducement.  Moreover, plaintiff has failed to articulate any damages, other than conclusory allegations that plaintiff has been damaged, there are no specific facts or allegations to support that contention.  Accordingly, the eighth cause of action is dismissed.

*Ninth Cause of Action- Waste*

The petition alleges that defendant Joshua is liable to the LLC based on his waste of the company's assets without the consent of plaintiff.  The petition alleges that the LLC members have suffered and will continue to suffer injuries.

The petition does not contain any factual allegations regarding how the corporate assets were wasted, (*see Simon v FrancInvest, S.A.*, 192 AD3d 565, 570 [1st Dept 2021]).  The Court agrees with defendants that this cause of action requires dismissal.

### Tenth Cause of Action- Unjust Enrichment

The petition alleges that the individual defendants will be unjustly enriched when they take action on their proposition to "adjust their pay upwards and deny [plaintiff] his pay". NYSCEF Doc. 1, ¶ 165.

To establish a cause of action for unjust enrichment "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] internal quotations omitted).

Here, the petition alleges conduct that defendants propose thus there is no allegation that defendants have been enriched at plaintiff's expense, only speculation that it will occur if defendants act on their propositions. Accordingly, this cause of action is dismissed.

### Twelfth Cause of Action- Injunctive Relief

Plaintiff seeks to permanently enjoin defendants from freezing out plaintiff from the business of S&B and restore plaintiff's access to S&B's accounts. Further, plaintiff seeks, *inter alia*, to enjoin defendants from making any changes to the menu items offered by S&B; withdrawing funds from the S&B bank account without plaintiff's consent; and to restore plaintiff to his duties in running S&B.

"To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor." *Caruso v Bumgarner*, 120 AD3d 1174, 1175 [2d Dept 2014].

At this stage of the litigation, the Court finds that dismissal of this cause of action is premature.  Defendants have failed to establish that plaintiff has an adequate remedy at law. Further, defendants' own reliance on its compliance with this Court's prior order, further supports plaintiff's position.  As the Court found in its initial order granting a preliminary injunction, defendants' ability to shift the balance of power in S&B constitutes irreparable harm, not subject to the remedy of monetary damages and because there remains a cause of action for books and records, dismissal of the cause of action for a permanent injunction is not appropriate. Accordingly, it is hereby

ORDERED that the motion to dismiss the complaint is granted in part; and it if further

ORDERED that fifth and twelfth causes of action survive the instant motion, and all other causes of action are dismissed.

20250317154937LFRANK0756E78A3A584D7DB0CA84C152DBA2AF

**3/17/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |