Lipton v Randolla (2025 NY Slip Op 04240)

Lipton v Randolla

2025 NY Slip Op 04240

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-01929
 (Index No. 61388/18)

[*1]Mark Lipton, appellant, 
v
Karen Randolla, et al., respondents.

Paulose & Associates PLLC, Bronxville, NY (Mathew Paulose, Jr., of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Purchase, NY (Debra Chiesa Salvi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated February 1, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff owned a wholesale and retail paint supply business and performed consulting work for projects involving coating and the surfaces underlying such coating. The plaintiff entered into several contracts to provide consultation services to the Board of Managers of Hudson Point Condominium (hereinafter the Board) in connection with a project to replace damaged wood on the exterior of buildings of the Hudson Point Condominium (hereinafter HPC) and paint the exterior of those buildings. Pursuant to the fourth contract between the parties (hereinafter the project management contract), the plaintiff would, among other things, negotiate and enter into an agreement with a contractor on behalf of the Board to perform the carpentry and painting work for the project and "monitor and manage" the project. In exchange, the plaintiff would be entitled to "15% of the total invoiced amount for all work contracted for." After the plaintiff, on behalf of the Board, negotiated and entered into contracts for the replacement of the damaged wood and the painting of the exterior of the HPC buildings, the Board abandoned aspects of the project that required replacement of wood and painting and terminated the project management contract. Ultimately, no work was invoiced for any work pursuant to the contracts that the plaintiff procured, and those contracts were also canceled. The Board proceeded to replace the damaged wood with prepainted, prefinished material.
In July 2018, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendants breached the project management contract by unilaterally terminating it. The defendants moved, among other things, for summary judgment dismissing the cause of action alleging breach of contract. In an order dated February 1, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiff appeals.
"Contracts containing no definite term of duration are terminable at will" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 929; see Better Living Now, Inc. v Image Too, Inc., 67 AD3d [*2]940, 941). "[I]n the absence of an express term fixing the duration of a contract, the courts may inquire into the intent of the parties and supply the missing term if a duration may be fairly and reasonably fixed by the surrounding circumstances and the parties' intent" (Venza v Catholic Charities of the Diocese of Rockville Ctr., 235 AD3d 804, 808 [internal quotation marks omitted]; see Haines v City of New York, 41 NY2d 769, 772). However, "this rule has not been, and should not be, applied to contracts of employment or exclusive agency, distributorship, or requirements contracts which have been analogized to employment contracts" (Haines v City of New York, 41 NY2d at 772-773; see Foster v Citrus County Land Bur., 133 AD2d 665, 666).
Here, the project management contract, which the defendants submitted in support of their motion for summary judgment, did not include an express term defining its duration. The defendants established, prima facie, that the implied duration of the project management contract was the life span of the project and that the project ended when the defendants terminated a carpentry contract and abandoned their plan of replacing the damaged wood on the exterior of the HPC buildings with new wood and painting the exterior of the buildings. The Board then canceled the contracts that the plaintiff had negotiated with the outside vendors pursuant to a term in those contracts allowing for cancellation. In any event, the defendants also demonstrated, prima facie, that they did not breach the project management contract because it was in the nature of an exclusive agency contract and was therefore terminable at will (see Haines v City of New York, 41 NY2d at 772-773; Foster v Citrus County Land Bur., 133 AD2d at 666).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the installation of the prepainted, prefinished material on the exterior of the HPC buildings did not fall within the scope of the project contemplated by the project management contract.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court