■ Cornelio R. Catena, Respondent, v Amsterdam Memorial Hospital, Inc., Appellant. [776 NYS2d 607]—

---

Lahtinen, J. Appeal from an order of the Supreme Court (Best, J.), entered February 11, 2003 in Montgomery County, which, inter alia, granted plaintiff's motion for summary judgment.

The issue on appeal is whether plaintiff was entitled as a matter of law to severance benefits contained in a 1996 employment contract with defendant. In June 1996, plaintiff signed an employment contract to work for two years as the president and chief executive officer of defendant. The contract provided for automatic one-year extensions each ensuing July 1, unless terminated by written notice no later than April 1. In the event of an involuntary termination during a term of the contract, plaintiff was entitled to a severance package that included one year's salary. In June 1997, defendant entered into a contract with Quorum Health Resources, Inc., in which Quorum agreed to provide management services. Quorum required certain key hospital personnel, including plaintiff, to be designated employees of Quorum. Although plaintiff signed an at-will employment contract with Quorum and a noncompetition agreement required by Quorum, defendant retained considerable control over plaintiff.

In September 2001, defendant terminated the contract with Quorum and notified Quorum that the hospital did not plan to rehire plaintiff. Plaintiff contended that he had remained, in essence, an employee of defendant, that the employment contract was still in effect and that defendant had involuntarily terminated him. He thus sought severance pay as provided in the 1996 agreement. Defendant refused and this litigation ensued. After taking the deposition upon oral questions of a member of defendant's board of directors, plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. Plaintiff's motion was granted. Defendant appeals.

One of the issues raised by defendant before Supreme Court and on appeal is that plaintiff's motion was premature since considerable disclosure regarding significant issues had not yet been conducted (see CPLR 3212 [f]). Plaintiff commenced this action in January 2002 and moved for summary judgment in September 2002. Plaintiff's deposition upon oral questions had not yet been taken. Indeed, plaintiff's motion for summary judgment was served the same date as his response to defendant's first set of demands for disclosure. In that response, plaintiff refused to provide information regarding many demands, including requests for information pertaining to plaintiff's change of employment in September 2001. There is some indication in the

record that plaintiff may have already had a commitment regarding other employment before the termination of the Quorum contract. This information is relevant to the threshold issue of whether plaintiff voluntarily or involuntarily left his employment. It also merits noting that, prior to the Quorum contract, plaintiff was a member of defendant's board of directors and he voted in favor of the arrangement with Quorum. Moreover, a memorandum from the chairperson of defendant's board regarding restoration of benefits to plaintiff if he returned to employment with defendant is not free from ambiguity. Plaintiff's testimony is pertinent to important issues and defendant should have been afforded reasonable time following receipt of plaintiff's responses to its disclosure demands to depose plaintiff (*see Perotto Dev. Corp. v Sear-Brown Group*, 269 AD2d 749, 749 [2000]; *Shellberry v Albright*, 262 AD2d 942 [1999]; *Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908 [1995]; *Carter v Maskell*, 192 AD2d 898, 900 [1993]).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed.