■ ABDULLAH ABULHASAN, Individually and as Guardian ad Litem of DALILA ABULHASAN, Respondent, v UNIROYAL-GOODRICH TIRE COMPANY et al., Appellants, et al., Defendant. [788 NYS2d 497]—

Crew III, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered October 17, 2003 in Essex County, which denied motions by defendants Uniroyal-Goodrich Tire Company and Goldring Motors, Inc. for summary judgment dismissing the complaint against them.

On July 21, 1990, Dalila Abulhasan sustained personal

injuries as the result of a motor vehicle accident that occurred in the Town of Elizabethtown, Essex County. Abulhasan remained in a coma following the accident and, after considerable time, succumbed to her injuries. As a consequence plaintiff, Abulhasan's husband, commenced this action against, among others, defendant Uniroyal-Goodrich Tire Company (hereinafter UGTC), the purported manufacturer of the tire, and defendant Goldring Motors, Inc., the distributor of the motor vehicle upon which the tire was mounted and that plaintiff was driving at the time of the accident, alleging that the tire blew out as a result of a manufacturing defect.

In 1997, UGTC moved for summary judgment on the ground that plaintiff failed to submit sufficient proof identifying UGTC as the manufacturer of the tire. Supreme Court denied the motion as premature and we affirmed (258 AD2d 728 [1999]). Following remittal and at the conclusion of discovery, UGTC again moved for summary judgment on the ground that it was not the manufacturer of the tire and, further, that plaintiff failed to preserve the car and the subject tire, thereby preventing UGTC from inspecting it. Goldring also moved for summary judgment asserting, inter alia, plaintiff's spoliation of the car and tire remnants. Supreme Court denied defendants' motions and this appeal ensued.

UGTC claims that Supreme Court erred in denying its motion for summary judgment because plaintiff failed to demonstrate that it was more probable than not that UGTC manufactured the allegedly defective tire. We agree. On a motion for summary judgment, a defendant who asserts that it did not manufacture the allegedly defective product has the initial burden of establishing, as a matter of law, that it did not do so (see e.g. Baum v Eco-Tec, Inc., 5 AD3d 842, 843-844 [2004]). As defendant satisfied that burden here, it was incumbent upon plaintiff to establish that it was reasonably probable, and not merely possible, that defendant indeed manufactured the subject tire (see e.g. Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601-602 [1996]).

Here, plaintiff offered the affidavit of William Nonnamaker, a forensic tire analyst, in support of its contention that it was more probable than not that UGTC manufactured the tire in question. Nonnamaker asserted that based upon his examination of the tire's remnants, photographs taken of the tire prior to the disposition of the damaged vehicle and deposition testimony generated during discovery, it was his opinion that UGTC manufactured the subject tire. In support of that conclusion, Nonnamaker asserted that the tire was manufactured in

the United States because the letter "P" prefaced the numbers denoting the tire size. However, it is noted that there is uncontroverted documentary evidence contained in the record that tires manufactured in Canada also contain the letter "P" in their size designation. And while Nonnamaker asserted that the tread pattern on the remaining fragments of the subject tire were "unique" to UGTC and that UGTC has copyrighted same, he offered no factual basis for such assertion. His opinion also is premised on the fact that a number of employees of tire plants associated with UGTC were unaware whether "Tiger Paw Plus" tires were manufactured at any plants other than those owned and operated by UGTC. However, all that proves is that such employees were unaware, one way or the other, whether such tires were made in plants other than those owned and operated by UGTC.

In contrast to Nonnamaker's assertions, UGTC provided an affidavit of Adrian Hill, legal counsel to Uniroyal-Goodrich, Canada, Inc., wherein Hill averred that in spite of the presence of the name "Uniroyal" on the tire wall of the subject tire, at least three companies other than UGTC could have manufactured the tire and, further, that there is no way of knowing which of those companies, including UGTC, manufactured the tire in question. UGTC also submitted the affidavit of Dwight Black, UGTC's Director of Industry Standards and Government Relations, who averred that companies other than UGTC, located in and outside the United States, manufactured tires with the words "Uniroyal," "Tiger Paw" and "Tiger Paw Plus" etched on the tire wall during the period in question here. He also asserted that the number shown in a photograph of the tire wall, which plaintiff claims is a United States Department of Transportation (hereinafter DOT) identification number, does not identify UGTC as the tire's manufacturer. Additionally, Black asserted that the first two or three characters in the alleged DOT identification number have never been associated with UGTC. Finally, Black averred that DOT identification numbers are always numerical, whereas the alleged DOT identification number here ends with the letter "T." Accordingly, what we have here is the possibility, rather than a probability, that UGTC was the manufacturer of the subject tire, which is insufficient to raise a triable issue of fact (*see id.* at 602-603).

Moreover, even assuming that plaintiff's evidence was sufficient to raise a question of fact in this regard, we are of the view that summary judgment should have been granted to UGTC by reason of plaintiff's spoliation of the subject tire and

the numerous photographs taken thereof. It is axiomatic that where critical items of evidence are willfully disposed of by a litigant before an opposing party has an opportunity to review and inspect them, elementary fairness may require that the complaint be dismissed (*see e.g. Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d 918, 920 [2004]; *Miller v Weyerhaeuser Co.*, 3 AD3d 627, 628 [2004], *lv dismissed* 3 NY3d 701 [2004]; *Puccia v Farley*, 261 AD2d 83, 85 [1999]). While we recognize that the determination to strike a party's pleadings is a matter of discretion, given the critical nature of the missing evidence at hand, we believe Supreme Court's failure to grant the ultimate sanction constituted an abuse of discretion. Whether plaintiff disposed of the evidence at issue with an eye toward ultimate litigation is questionable. However, we note that immediately following the accident, plaintiff made the statement that someone was going to "pay." Further, prior to his sale of the car as scrap, plaintiff took numerous photographs of the left rear tire but was only able to produce a few such photographs at the time of discovery. Given the fact that UGTC almost assuredly would have been able to demonstrate that it either did or did not manufacturer the subject tire had plaintiff's car and/or photographs been retained for inspection, it is clear that UGTC has been severely prejudiced by such spoliation. Indeed, plaintiff's own expert noted, "in a perfect world, I would have preferred to have an opportunity to inspect the entire tire."

Regarding Goldring, we are similarly persuaded that Supreme Court abused its discretion in failing to dismiss plaintiff's pleadings based upon the spoliation issue. As the alleged seller of the defective product, Goldring has an absolute right to indemnity from the manufacturer of the subject tire (*see Godoy v Abamaster of Miami*, 302 AD2d 57, 62 [2003], *lv dismissed* 100 NY2d 614 [2003]). For the foregoing reasons, neither plaintiff, UGTC nor Goldring are able to determine the manufacturer of the subject tire by reason of plaintiff's spoliation, which has severely and irrevocably prejudiced Goldring.

Mercure, J.P., Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions by defendants Uniroyal-Goodrich Tire Company and Goldring Motors, Inc. granted, summary judgment awarded to said defendants and complaint dismissed against them.