■ Armand Metichecchia et al., Respondents, v Frank Palmeri, Appellant, et al., Defendants. [803 NYS2d 813]—

Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered February 7, 2005 in Ulster County, which denied defendant Frank Palmeri's motion for summary judgment dismissing the complaint against him.

On February 16, 2004, plaintiff Armand Metichecchia, a Verizon employee making a service call, entered the front door of premises owned by defendant Frank Palmeri in the Town of Hurley, Ulster County, and fell through an opening in the floor that led to the basement. A trap door, which ordinarily covered the opening, had been left in the raised position.

Consequently, Metichecchia and his wife, derivatively, commenced this personal injury action against Palmeri, the owner and lessor of the property in question, defendant Donna Rowe, the lessee, and defendant Alyn Warren, a resident of the property at the time of the incident. Prior to discovery, Palmeri moved for summary judgment dismissing the complaint on the ground that, as an out-of-possession landlord, no liability could attach to him. Plaintiffs opposed the motion contending, among other things, that it was premature given the lack of relevant discovery. Supreme Court denied Palmeri's motion without prejudice to renew at the completion of discovery. Palmeri now appeals and we affirm.

It is axiomatic that a summary judgment motion is properly denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant or a codefendant (*see Catena v Amsterdam Mem. Hosp.*, 6 AD3d 1037, 1038-1039 [2004]). Here, plaintiffs surely are entitled to ascertain, through discovery, Palmeri's knowledge of the allegedly dangerous condition, as well as the degree of control that he asserted over the premises. Accordingly, Supreme Court properly denied Palmeri's motion on the ground of prematurity.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.