▪ J.C. et al., Infants, by Their Parent and Natural Guardian KELLY CALDWELL, Appellants, v CHARLES A. ROSE, Respondent, et al., Defendant. [823 NYS2d 710]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 8, 2006 in a personal injury action. The order granted the motion of defendant Charles A. Rose to dismiss the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without

costs, the motion is denied, and the complaint against defendant Charles A. Rose is reinstated.

Memorandum: Plaintiffs commenced this action by their parent and natural guardian seeking damages arising from lead poisoning sustained as the result of their exposure to lead-based paint in their residence. According to plaintiffs, defendants owned the property where plaintiffs resided, retained the right to enter the premises, and had knowledge of peeling lead-based paint on the property and that young children resided there. Charles A. Rose (defendant) moved for summary judgment dismissing the complaint against him on the ground that he was out of possession of the property during the relevant time period and that defendant Michael DeCarlo was solely responsible for the care, maintenance, management, and operation of the property. In opposing the motion, plaintiffs contended, inter alia, that the motion was premature because further discovery was needed. We agree with plaintiffs that the motion was premature and that Supreme Court therefore erred in granting it. Plaintiffs are entitled to the opportunity to depose defendant to determine the nature of his relationship with DeCarlo with respect to the property (*see* CPLR 3212 [f]; *Whelan v Port Auth. of N.Y. & N.J.*, 19 AD3d 483 [2005]; *Catena v Amsterdam Mem. Hosp.*, 6 AD3d 1037, 1038-1039 [2004]). Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.