Frank Bevens, Respondent, v Tarrant Manufacturing Company, Inc., Doing Business as Tarco, et al., Defendants, and All-Lifts, Inc., Appellant. (And a Third-Party Action.) [851 NYS2d 707]—

Peters, J. Appeal from an order of the Supreme Court (Mc-

Namara, J.), entered January 11, 2007 in Albany County, which, among other things, denied a motion by defendant All-Lifts, Inc. for summary judgment dismissing the third amended complaint and all cross claims against it.

Plaintiff has been employed by third-party defendant, Columbia County, since 1990 as a laborer in the parts department. Since 1993, as part of his duties, he worked as a wingman on plow trucks during the winter, which involved assisting the driver by operating the wing plow. In December 2002, upon completion of a plow run, plaintiff and the driver were in the process of storing their truck when a wire rope that suspended the wing plow snapped, causing the plow to swing from the side of the truck and pin plaintiff's leg. Plaintiff sustained serious injuries as a result of the accident, which led to the amputation of his right leg below the knee.

In October 2003, plaintiff commenced this action against defendant Tarrant Manufacturing Company, Inc., the manufacturer of the plow truck, and defendant All-Lifts, Inc. (hereinafter defendant), which plaintiff suspected of supplying the wire rope that snapped. Tarrant thereafter brought a third-party action against the County. During discovery, plaintiff identified others who may have been the source of the wire rope and, therefore, he eventually filed and served a third amended summons and complaint naming other parties as defendants. Thereafter, the various defendants answered and maintained cross claims against each other. Following discovery, defendant moved for summary judgment dismissing plaintiff's third amended complaint and all cross claims against it. Plaintiff opposed such motion, as did defendant Fehr Bros. Industries, Inc., which was brought into the action only as of the third amended complaint. Supreme Court denied defendant's motion, and this appeal ensued.

Defendant asserts that Supreme Court should have granted its motion for summary judgment because plaintiff cannot establish by competent proof that the wire rope that caused plaintiff's injuries was supplied by defendant. Here, the court properly found that defendant met its initial burden by producing competent evidence that it was not the supplier of the subject wire rope (see Abulhasan v Uniroyal-Goodrich Tire Co., 14 AD3d 900, 901 [2005]; Baum v Eco-Tec, Inc., 5 AD3d 842, 843-844 [2004]; see also Ebenezer Baptist Church v Little Giant Mfg. Co., Inc., 28 AD3d 1173, 1173-1174 [2006]). Defendant proffered an expert affidavit stating that most general purpose wire ropes manufactured domestically contain internal and external markers identifying the manufacturer and, after a

detailed examination, the expert found no such markers on the subject wire rope, likely indicating that it was of foreign manufacture. Indeed, Fehr's expert also stated that the presence or absence of a marker is an important consideration in determining the identity and source of a wire rope. Sales records supplied by defendant indicated that the only wire rope it sold to the County was supplied by domestic manufacturers and, moreover, defendant's expert opined with a reasonable degree of engineering certainty that the wire rope was not manufactured by Bridon American, the supplier of three of the four reels of wire rope sold by defendant to the County. More significantly, defendant introduced detailed maintenance logs maintained by the County that are devoid of any reference to the wire rope ever having been replaced on the subject truck, despite the fact that Tom Harmon, the County's garage supervisor, testified that, had the wire rope ever been replaced, he would expect it to appear in the maintenance logs.

With defendant having met its burden, plaintiff was then required to establish that it was "reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending product" such as to establish a triable issue of fact (*Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601-602 [1996]; *see Abulhasan v Uniroyal-Goodrich Tire Co.*, 14 AD3d at 901-902; *Moffett v Harrison & Burrowes Bridge Contrs.*, 266 AD2d 652, 654 [1999]). Contrary to Supreme Court, we find that plaintiff failed to establish a triable issue of fact. Plaintiff stated at his deposition that he did not know the origin of the wire rope on the truck at the time of the incident or whether it was the original equipment or a replacement. He also stated that he did not remember the truck ever having been sent to the garage to have the wire rope replaced, nor did he ever remember seeing a new wire rope on the truck. Moreover, plaintiff's answer to defendant's interrogatories indicated that he had no records concerning whether defendant's wire rope was installed on the plow, and his answer to Fehr's interrogatories similarly stated that he could not determine from whom or when the wire rope in question was purchased.

Likewise, Harmon testified that he could not recall if the wire rope had ever been replaced. Harmon also stated that he did not know if the wire rope in question was supplied by defendant.* Accordingly, as the proffers of plaintiff and Fehr merely raised a possibility that the subject wire rope might have been

---

* Although an investigative report generated by the Department of Labor subsequent to the incident identified the wire rope as being manufactured by Bridon American and supplied by defendant, that information was attributed

supplied by defendant, we find that plaintiff, and defendant with regard to any cross claims, has failed to demonstrate a reasonable probability that defendant supplied the wire rope that caused plaintiff's injury and, thus, summary judgment in defendant's favor is appropriate (*see Healey v Firestone Tire & Rubber Co.*, 87 NY2d at 601-602; *Abulhasan v Uniroyal-Goodrich Tire Co.*, 14 AD3d at 901-902).

Nor do we find summary judgment for defendant to be premature. A motion for summary judgment is premature "when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence" (*Metichecchia v Palmeri*, 23 AD3d 894, 895 [2005]; *see Catena v Amsterdam Mem. Hosp.*, 6 AD3d 1037, 1039 [2004]). Speculation by the opposing party will not suffice and, thus, such party must demonstrate how further discovery might reveal material facts in the exclusive knowledge of the movant or a codefendant (*see Metichecchia v Palmeri*, 23 AD3d at 895; *Pampris v Egnasher*, 20 AD3d 746, 747 [2005]; *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]).

Here, plaintiff has not alleged that there are any facts within the exclusive knowledge of defendant or any other party that would raise an issue of fact with regard to the origin of the subject wire rope. Plaintiff and Fehr asserted before Supreme Court that they did not have the opportunity to depose either an employee of defendant or its expert witness. However, it is highly improbable that either of these two depositions would provide any information as to whether and when the wire rope on the subject truck had ever been replaced. Likewise, plaintiff takes issue with the fact that defendant has not produced records of any wire rope sales to the County predating 1996. Once again, the production of these records, if any existed, would shed no light on whether the wire rope had ever been replaced and, furthermore, such information could not be said to be in the exclusive knowledge of defendant, inasmuch as the County is just as likely to have records from such sales, had any taken place. Tellingly in this regard, plaintiff's opposition papers to the instant motion stated that, further discovery would "hopefully" discern the origin of the subject wire rope. As such, we find that defendant's motion for summary judgment was not premature.

As we deem summary judgment appropriate for the foregoing

---

to Harmon, who later testified under oath that he did not know the origin. Notably, that report also stated that it could not be determined if or when the wire rope was replaced.

reasons, we need not reach the remainder of the parties' contentions.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendant All-Lifts, Inc., by reversing so much thereof as denied said defendant's motion; motion granted, summary judgment awarded to said defendant, and third amended complaint and all cross claims dismissed against it; and, as so modified, affirmed.