*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 5, 2016          521864
_____

CATHY GITMAN,

                 Respondent,

    v

RUBEN MARTINEZ et al.,              MEMORANDUM AND ORDER

                 Appellants,
      and

HERBERT BENNER et al.,

                 Respondents.
_____

Calendar Date: March 23, 2016

Before: Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

      Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Brian D. Carr of counsel), for appellants.

      Buttafuoco & Associates, PLLC, Woodbury (Scott Szczesny of counsel), for Cathy Gitman, respondent.

      Law Offices of Theresa J. Puleo, Syracuse (John F. Pfeifer of counsel), for Herbert Benner and another, respondents.

_____

Lahtinen, J.

      Appeals (1) from an order of the Supreme Court (Melkonian, J.), entered December 24, 2014 in Ulster County, which, among other things, partially granted plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered June 5, 2015 in Ulster County, which denied a motion by defendants Ruben Martinez and Crete Carrier Corp. to, among other things, renew.

In September 2013, plaintiff sustained injuries when she was involved in an accident with two tractor trailers while traveling on Interstate 87 in Ulster County. The accident occurred as the three vehicles approached or were in a construction zone where travel was eventually restricted to one lane. Plaintiff's car was ahead of the two tractor trailers, she was followed first by the tractor trailer operated by defendant Herbert Benner and owned by defendant Zook Trucking, LLC (hereinafter collectively referred to as Zook) and then by the tractor trailer operated by defendant Ruben Martinez and owned by defendant Crete Carrier Corp. (hereinafter collectively referred to as Crete). Her car was struck in the rear during the accident. She commenced this negligence action in November 2013 and cross claims were asserted between Crete and Zook.

In July 2014, while disclosure was ongoing and before any depositions had been conducted, plaintiff moved for partial summary judgment on the issue of liability. In a decision and order entered in December 2014, Supreme Court found that Crete caused the accident and granted plaintiff's motion as to Crete. The court also sua sponte searched the record (see CPLR 3212 [b]) and dismissed Crete's cross claim and plaintiff's complaint as to Zook. Crete's subsequent motion to renew was denied by Supreme Court in June 2015.[1] Crete appeals from both the December 2014 and June 2015 orders.

Plaintiff's motion for partial summary judgment should have been denied as premature. "[A] summary judgment motion is properly denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant or a codefendant" (Metichecchia v Palmeri, 23 AD3d 894, 895 [2005]; see Catena v Amsterdam Mem. Hosp., 6 AD3d 1037, 1038-1039 [2004]). Here, issue had been

[1] Another motion to renew was made while this appeal was pending. In February 2016, Supreme Court granted renewal and modified its December 2014 order, reversing its sua sponte relief by reinstating Crete's cross claim and plaintiff's complaint against Zook.

joined for only about seven months at the time that plaintiff made the motion (cf. Judd v Vilardo, 57 AD3d 1127, 1131 [2008] [action had been pending for five years]).  Crete had not received full responses to its disclosure demands and had written follow-up letters regarding the demands.  Significantly, no depositions had yet been conducted, and the scheduling order still allowed more than three months before all depositions were to be completed.

The importance of depositions is readily apparent from the varying versions of the accident provided in affidavits in opposition to the motion by Martinez and Benner.  Further, plaintiff's affidavit is cursory and wholly conclusory regarding how the accident occurred.  Although her motion relied in large part on a description of the accident in a police report, there is no indication that the author of such report was a witness to the accident or that the description therein otherwise constituted admissible evidence (see Shaw v Rosha Enters., Inc., 129 AD3d 1574, 1575 [2015]; Dawn VV. v State of New York, 47 AD3d 1048, 1049 [2008]; Jerome Prince, Richardson on Evidence § 8-307 [Farrell 11th ed 2008]).  Many important aspects of how the accident occurred are not clear from the competent evidence submitted by plaintiff.  The depositions of the parties is necessary to develop the relevant facts.  Under the circumstances, plaintiff's motion should have been denied as premature without prejudice to seeking such relief following completion of disclosure (see CPLR 3212 [f]; Takhalov v Rottenberg, 128 AD3d 678, 678 [2015]; Sorbello v Birchez Assoc., LLC, 61 AD3d 1225, 1226-1227 [2009]; Catena v Amsterdam Mem. Hosp., 6 AD3d at 1038-1039).

Crete's remaining arguments regarding the December 2014 order are academic or rendered moot by Supreme Court's February 2016 order.  The appeal from the June 2015 order denying Crete's motion to renew is academic.

Peters, P.J., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the order entered December 24, 2014 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment against defendants Ruben Martinez and Crete Carrier Corp.; said motion denied in its entirety without prejudice as to all defendants; and, as so modified, affirmed.

ORDERED that the appeal from the order entered June 5, 2015 is dismissed, as academic, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court