*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521957
_____

ANGELA GREENER et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

TOWN OF HURLEY,
                    Respondent.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____

        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel),
for appellants.

        Morris Duffy Alonso & Faley, New York City (Iryna
Krauchanka of counsel), for respondent.

_____

Mulvey, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered June 16, 2015 in Ulster County, which granted defendant's
motion for summary judgment dismissing the complaint.

        Plaintiff Angela Greener and her spouse, derivatively,
commenced this personal injury action against defendant alleging
that, due to defendant's negligence, she tripped and fell over a
protruding culvert pipe located in front of 113 Broad Street in
the hamlet of West Hurley, Ulster County.  Following joinder of
issue, but prior to discovery, defendant moved for summary
judgment seeking to dismiss the complaint on the ground that
defendant did not receive prior written notice of the allegedly
defective culvert pipe pursuant to defendant's code.  Supreme
Court granted defendant's motion, concluding that plaintiffs

failed to show that an exception to the prior written notice requirement applied. Supreme Court also rejected plaintiffs' contention that the motion was premature, holding that plaintiffs' argument that discovery was needed was based on conclusory assertions. Plaintiffs appeal.

It is undisputed that defendant has met its initial burden of establishing that it did not receive prior written notice of the alleged defect. This shifted the burden to plaintiffs to raise issues of fact as to the applicability of an exception to the written notice requirement (see Stride v City of Schenectady, 85 AD3d 1409, 1410 [2011]; Crespo v City of Kingston, 80 AD3d 1124, 1124 [2011]). In this regard, plaintiffs contend that defendant created the dangerous condition through an affirmative act of negligence, thereby obviating the need for prior written notice (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). They also argue that defendant's motion should have been denied because it was premature, as no discovery had been conducted and that it was likely to lead to proof of defendant's culpability.

In opposition to defendant's motion, plaintiffs provided an affidavit from Greener's friend, Debra Rodriguez. According to Rodriguez, she has resided at 113 Broad Street for many years and, during "the winter of 2013 to 2014," she heard a "loud bang while one of the [d]efendant's snowplows was clearing the roadway in front of [her] house." Then, "[a]fter the snow melted, [she] saw that the end of the culvert pipe was mangled, bent upwards and protruding above the surrounding surfaces . . . [and] [she] believe[s] that this dangerous condition was created by [defendant's] snowplow." She observed that "the mangled portion of the culvert pipe coincides with where [defendant's] snowplow was located at the time [that she] heard a loud bang." She called defendant "several times to report this condition" and spoke to its highway superintendent "on numerous occasions before . . . Greener's incident." Photographs of the culvert pipe reveal damage to a protruding pipe edge.

"[A] summary judgment motion is properly denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant"

(<u>Metichecchia v Palmeri</u>, 23 AD3d 894, 895 [2005]).  We find that the Rodriguez affidavit is sufficient to demonstrate that discovery is required and, therefore, defendant's motion should have been denied as premature.  Plaintiffs seek depositions of defendant's employees who plowed the roadway or inspected the area where this accident occurred, noting that such efforts will likely lead to additional relevant information about how the condition was created.  These facts are exclusively within the knowledge of the party moving for summary judgment and leave plaintiffs with only circumstantial evidence to oppose the motion (<u>see</u> CPLR 3212 [f]; <u>Pank v Village of Canajoharie</u>, 275 AD2d 508, 509 [2000]).  The Rodriguez affidavit, combined with the photographs of the damaged culvert pipe, demonstrate that the need for more discovery is based upon more than "pure conjecture and speculation" (<u>Gersten-Hillman Agency, Inc. v Heyman</u>, 68 AD3d 1284, 1288 [2009]).  Consequently, summary judgment is inappropriate.

Peters, P.J., Lahtinen, Garry and Clark, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court