■ Robert Gunther, Respondent, v Antenor P. Vilceus, Appellant. [36 NYS3d 723]—

In an action, inter alia, to reform a note and a mortgage, the defendant appeals from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered January 5, 2016, which, upon a decision of the same court dated June 9, 2015, made after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $61,581.32.

Ordered that the judgment is affirmed, with costs.

The parties entered into a contract of sale whereby the defendant agreed to purchase certain real property from the plaintiff for the sum of $550,000. The contract provided that the purchase price was to be paid with a $55,000 down payment, $145,000 due at closing in cash or certified check, and a $350,000 purchase money mortgage to be given by the defendant to the plaintiff. The plaintiff's attorney prepared a note and a mortgage providing for a $350,000 loan, with interest accruing at a rate of 6% per annum, to be paid over five years in 60 monthly installments of $2,953.50, "with a final balloon payment in the sum of $206,065.79." The defendant made all of the payments under the mortgage, including the final balloon payment of $206,065.79, and, on October 10, 2011, the plaintiff issued the defendant a satisfaction of mortgage. Shortly thereafter, the plaintiff's accountant discovered a mathematical error in the calculation of the balloon payment, such that, for a $350,000 mortgage, the balloon payment should have been calculated in the amount of $267,647.02. The plaintiff brought the error to the defendant's attention, and when the defendant refused to pay the difference, on January 25, 2012, the plaintiff commenced this action to reform the note and the mortgage to reflect the correct amount of the balloon payment due and to recover the sum of $61,581.23. After a nonjury trial, the Supreme Court found, by clear and convincing evidence, that the parties had committed a mutual mistake as to the amount of the balloon payment, reformed the note and the mortgage to reflect a balloon payment of $267,647.02 instead of $206,065.79, and entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $61,581.32. The defendant appeals.

"A party seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation" (*Yu Han Young v Chiu*, 49 AD3d 535, 536 [2008]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). "In a case of mutual mistake, the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (*Chimart Assoc. v Paul*, 66 NY2d at 573). "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]).

Here, the Supreme Court properly determined that the plaintiff established the existence of a mutual mistake by clear and convincing evidence (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). The parties' contract of sale clearly and unambiguously provided that the purchase price for the subject property was $550,000, which was to be paid, in part, by a $350,000 purchase money mortgage. Based upon the proof at trial, it was clear that the $206,065.79 balloon payment calculated by the plaintiff's attorney and mutually agreed upon by the parties was the product of an inadvertent error, as it was inconsistent with the parties' agreement that the mortgage was to be in the amount of $350,000. "[I]f, by the mistake of the scrivener or by any other inadvertence, [a] writing does not express the agreement actually made, it may be reformed by the court" (*Born v Schrenkeisen*, 110 NY 55, 59 [1888]; *see Nash v Kornblum*, 12 NY2d 42, 46 [1962]). Under these circumstances, the court properly reformed the note and the mortgage to reflect the correct balloon payment of $267,647.02, and entered a judgment in the plaintiff's favor for the balance due under the reformed note and mortgage. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.