# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: December 29, 2016         521549
_____

DANIEL F. IMRIE II,

                 Appellant,

    v

ANDREW R. RATTO et al.,

                 Defendants,

     and

ERIE INSURANCE COMPANY,

                 Respondent.

(Action No. 1.)

_____        MEMORANDUM AND ORDER

DANIEL F. IMRIE II,
   Individually and as Assignee
   of ANDREW RATTO et al.,

                 Appellant,

    v

JEFFREY D. HOWARD et al.,

                 Defendants,

     and

ERIE INSURANCE COMPANY,

                 Respondent.

(Action No. 2.)

_____

Calendar Date: November 14, 2016

Before: McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____

The Clements Firm, Glens Falls (Thomas G. Clements of counsel), for Daniel F. Imrie II, appellant.

Rupp Baase Pfalzgraf Cunningham, LLP, Buffalo (Sean W. Costello of counsel), for respondent.

_____

McCarthy, J.P.

Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered May 5, 2015 in Warren County, which, among other things, granted a motion by defendant Erie Insurance Company in action No. 1 for summary judgment dismissing the complaint against it, and (2) from an order of said court (Auffredou, J.), entered February 8, 2016 in Warren County, which, among other things, denied plaintiff's motion in action No. 1 to renew.

Defendant Andrew R. Ratto bought an auto repair business and garage in January 2010 from plaintiff by securing two mortgages on the property. The mortgages required Ratto to maintain insurance for, among other things, any "loss by fire" and to name plaintiff as the mortgagee on the insurance policy. After Ratto began making payments late and plaintiff learned that Ratto was facing a tax foreclosure, plaintiff commenced action No. 1, a foreclosure action against Ratto. A week later, the repair business and garage was destroyed by a fire. After the fire, plaintiff learned that, contrary to the terms of the mortgages, Ratto did not have fire insurance coverage, let alone insurance coverage that named plaintiff as the mortgagee on the insurance policy. However, a third-party — Ratto Restorations, Inc. (hereinafter the corporation) — insured the property against fire loss with defendant Erie Insurance Company. Plaintiff was not listed as the mortgagee or otherwise referenced on the corporation's insurance policy.

In September 2013, pursuant to an amended complaint, plaintiff added Erie as a defendant to action No. 1 by seeking a declaratory judgment determining that Erie was either "legally and equitably indebted" to him for the proceeds of the insurance policy, that the policy should be reformed to add him as the loss payee or that he had an equitable lien on any insurance payments. During discovery, Erie had the opportunity to depose plaintiff. Despite plaintiff's discovery demands, however, plaintiff did not receive any records from Erie related to execution of the insurance policy and did not have the opportunity to depose any representatives of Erie familiar with the insurance policy. Nine months after plaintiff had submitted discovery demands, interrogatories and notices of depositions, and without having received any substantive response from Erie regarding the execution of the insurance policy, Erie moved for summary judgment dismissing the complaint. Plaintiff opposed the motion on grounds that included outstanding discovery requests and also moved to amend the complaint to add the corporation as a defendant and to compel discovery against Ratto and Erie. In May 2015, Supreme Court (Krogmann, J.) granted Erie's motion for summary judgment and denied plaintiff's motion to amend the complaint and compel discovery from Erie. Plaintiff appeals from that order.

In July 2015, Ratto and the corporation assigned their rights in the insurance policy to plaintiff, and plaintiff, thereafter, commenced action No. 2 against Erie and its principal. Plaintiff also moved to renew, among other things, his opposition to Erie's motion for summary judgment in action No. 1 and also moved to consolidate the actions. In February 2016, Supreme Court (Auffredou, J.) denied plaintiff's motion to renew and ordered a joint trial of the actions, but denied plaintiff's motion to formally consolidate. Plaintiff appeals from that order.

Erie's motion for summary judgment should have been denied as premature. "[A] summary judgment motion is properly denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant or a codefendant" (Metichecchia v Palmeri, 23 AD3d 894, 895 [2005];

see Gitman v Martinez, 139 AD3d 1175, 1176 [2016]).  As is relevant to plaintiff's claim, a party seeking reformation of a contract must establish, by clear and convincing evidence, either that the writing at issue was executed under mutual mistake or that there was a fraudulently induced unilateral mistake (see George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 218-219 [1978]; Gunther v Vilceus, 142 AD3d 639, 640 [2016], lv denied ___ NY3d ___ [Dec. 20, 2016]; Herron v Essex Ins. Co., 34 AD3d 913, 914 [2006], lv dismissed 8 NY3d 856 [2007]; Loyalty Life Ins. Co. v Fredenberg, 214 AD2d 297, 299 [1995]).

The importance of documents and depositions that plaintiff sought but had not been provided is readily apparent.  The premise of plaintiff's cause of action is that, in executing the relevant insurance policy, the corporation and Erie both intended to include plaintiff as a loss payee but that, by mutual mistake, he was omitted.  Erie had exclusive knowledge of its understanding of the intended coverage and any intended loss payees at the time of the execution of the relevant insurance policy.  Moreover, it is likely to be in exclusive possession of any collateral documents memorializing the intended scope of the relevant insurance policy.  Further, plaintiff's contention that Erie has exclusive possession of employees and materials that could shed light on its intent as to the insurance policy is patently reasonable and not merely speculation (compare Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202 [2009]).  Under such circumstances, Erie's motion for summary judgment should have been denied without prejudice as premature (see Greener v Town of Hurley, 140 AD3d 1285, 1286 [2016]; Gitman v Martinez, 139 AD3d at 1176; Metichecchia v Palmeri, 23 AD3d at 895; Rosalie Estates v Colonia Ins. Co., 227 AD2d 335, 336 [1996]).

Plaintiff's contention that Supreme Court also erred in failing to join the corporation as a necessary party is moot.  The corporation assigned its interest in the insurance policy to plaintiff.  Thus, the issue as to whether the corporation could have been inequitably affected by a judgment in action No. 1 prior to that assignment (see generally CPLR 1001) is rendered moot by the fact that the corporation no longer has an interest in the insurance policy (see e.g. Matter of King v Jackson, 52

AD3d 974, 975 [2008]; <u>Matter of Weaver v Ambach</u>, 107 AD2d 926, 927 [1985]). Finally, our determination renders plaintiff's contention that Supreme Court erred in denying his motion to renew his opposition to Erie's motion for summary judgment academic (<u>see</u> <u>Gitman v Martinez</u>, 139 AD3d at 1177). Plaintiff's remaining contentions are either academic or without merit.

Garry, Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the order entered May 5, 2015 is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Erie Insurance Company for summary judgment dismissing the complaint in action No. 1 against it; said motion denied, without prejudice; and, as so modified, affirmed.

ORDERED that the order entered February 8, 2016 is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court