Mendez-Canales v Agnelli Macchine S.R.L. (2018 NY Slip Op 06525)





Mendez-Canales v Agnelli Macchine S.R.L.


2018 NY Slip Op 06525


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-11991
 (Index No. 2015/11)

[*1]Antonio Mendez-Canales, appellant, 
v
Agnelli Macchine S.R.L., et al., defendants, Lexington Technologies, Inc., et al., respondents (and third party actions).


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (David R. Holland of counsel), for respondent Lexington Technologies, Inc.
Morrison Mahoney LLP, New York, NY (Jamie K. McAleavey of counsel), for respondent Sharpe Engineering & Equipment, LLC.
White, Werbel & Fino, LLP, New York, NY (Jason S. Steinberg, Alisa Dultz, and Jaime Packer of counsel), for respondent Stainless Manufacturing and Design, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 26, 2015. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Stainless Manufacturing and Design, Inc., Lexington Technologies, Inc., and Sharpe Engineering & Equipment, LLC, which were for summary judgment dismissing the causes of action in the second supplemental complaint sounding in negligence and strict products liability insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On August 2, 2010, the plaintiff was injured in a workplace accident while working for Joseph Seviroli, Inc., doing business as Seviroli Foods (hereinafter Seviroli), which is in the business of making pasta and ravioli. The accident occurred when the plaintiff was asked by a coworker to climb a ravioli processing machine, known as the Agnelli I, which was manufactured and sold to Seviroli by the defendant Agnelli Macchine S.R.L., to investigate why some of the pasta was coming out discolored. As the plaintiff climbed down from the Agnelli I, he slipped, causing his arm to enter the Agnelli I's unguarded hopper and to get caught in the machine's mixing "teeth."
The plaintiff commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendants Stainless Manufacturing and Design, Inc. (hereinafter Stainless), Lexington Technologies, Inc. (hereinafter Lexington), and Sharpe Engineering & Equipment, LLC (hereinafter Sharpe). Stainless, Lexington, and Sharpe were contractors retained by Seviroli to perform certain work in connection with an expansion/renovation project that took [*2]place at Seviroli's facility prior to the accident. Specifically, the plaintiff asserted, inter alia, causes of action sounding in negligence and strict products liability premised upon the lack of a safety switch and hopper guard on the Agnelli I at the time of the accident. It is undisputed that the Agnelli I lacked those devices for several years prior to the expansion/renovation project and the accident. Stainless, Lexington, and Sharpe (hereinafter collectively the moving defendants) separately moved for summary judgment dismissing the second supplemental complaint insofar as asserted against each of them. They contended, among other things, that they did not manufacture, sell, or distribute the Agnelli I, that they did not perform any work on the Agnelli I, and that they were not hired by Seviroli to perform any work on the Agnelli I. The Supreme Court granted the motions, and the plaintiff appeals.
There are three distinct causes of action involving strict products liability: "(1) a mistake in manufacturing . . . (2) an improper design . . . or (3) an inadequate or absent warning for the use of the product" (Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 61-62; see Sukljian v Ross & Son Co., 69 NY2d 89; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478-479; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 861). Liability "may not be imposed for . . . strict products liability upon a party that is outside the manufacturing, selling, or distribution chain" of the product in question (Quinones v Federated Dept. Stores, Inc., 92 AD3d 931, 931 [internal quotation marks omitted]; see Spallholtz v Hampton C.F. Corp., 294 AD2d 424, 424).
Here, the moving defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in strict products liability with unrebutted evidence establishing that they did not manufacture, sell, or distribute the Agnelli I (see Hymowitz v v Eli Lilly & Co., 73 NY2d 487, 504; Passaretti v Aurora Pump Co., 201 AD2d 475; see also Abulhasan v Uniroyal-Goodrich Tire Co., 14 AD3d 900). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557).
To hold a defendant liable in common-law negligence, a plaintiff must demonstrate a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach constituted a proximate cause of the injury (see Ingrassia v Lividikos, 54 AD3d 721). Since a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party (see Dautaj v Alliance El. Co., 110 AD3d 839). A contractual obligation, standing alone, does not generally give rise to tort liability in favor of a third party unless one of three exceptions applies: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [citations and internal quotation marks omitted]).
Here, the moving defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the cause of action sounding in negligence by submitting evidence that the plaintiff was not a party to any contract involving the expansion/renovation project of the Seviroli facility, and that none of the Espinal exceptions applied (see Koslosky v Malmut, 149 AD3d 925). The submissions in support of their respective motions established, inter alia, that none of the moving defendants were hired to perform any work on the Agnelli I as part of the scope of their work with respect to the expansion/renovation project at the Seviroli facility, and that they did not perform any work on the Agnelli I, and, thus, that they were not responsible for the absence of a hopper guard or safety switch on the Agnelli I. In opposition to the moving defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the moving defendants' separate motions which were for summary judgment dismissing the causes of action in the second supplemental complaint sounding in negligence and strict products liability insofar as asserted against each of them.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court