Gitman v Martinez (2019 NY Slip Op 01464)





Gitman v Martinez


2019 NY Slip Op 01464


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526312

[*1]CATHY GITMAN, Respondent,
v
RUBEN MARTINEZ et al., Respondents, and HERBERT BENNER et al., Appellants.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Law Offices of Theresa J. Puleo, Syracuse (John F. Pfeifer of counsel), for appellants.
Daniel P. Buttafuoco & Associates, PLLC, Woodbury (Scott Szczesny of counsel), for Cathy Gitman, respondent.
Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Brian D. Carr of counsel), for Ruben Martinez and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered January 29, 2018 in Ulster County, which, among other things, denied a motion by defendants Herbert Benner and Zook Trucking, LLC for summary judgment dismissing the complaint and cross claim against them.
In September 2013, plaintiff sustained injuries in a multi-vehicle accident while traveling on Interstate 87 in Ulster County. Plaintiff's car was ahead of two tractor trailers — she was followed first by the tractor trailer operated by defendant Herbert Benner and owned by defendant Zook Trucking, LLC (hereinafter collectively referred to as Zook) and then by the tractor trailer operated by defendant Ruben Martinez and owned by defendant Crete Carrier Corp. (hereinafter collectively referred to as Crete). The accident occurred as the three vehicles approached a construction zone where travel was restricted to one lane of the highway; plaintiff's car was struck from behind by the Zook vehicle, which was struck from behind by the Crete vehicle. Plaintiff commenced this negligence action in November 2013 and cross claims were asserted between Zook and Crete.
In July 2014, while disclosure was ongoing and before any depositions had been conducted, plaintiff moved for partial summary judgment on the issue of liability. In December 2014, Supreme Court (Melkonian, J.) granted plaintiff's motion as to Crete and, upon searching the record, sua sponte dismissed Crete's cross claim and plaintiff's complaint against Zook. In February 2016, Supreme Court granted Crete's motion to renew and modified its December 2014 [*2]order by reversing the relief that it had granted sua sponte and reinstating Crete's cross claim and plaintiff's complaint against Zook. On appeal, we held that plaintiff's motion for partial summary judgment on the issue of liability should have been denied as premature because disclosure, including depositions, had not been completed (139 AD3d 1175 [2016]). After disclosure was completed, Zook moved for summary judgment seeking dismissal of the complaint and Crete's cross claim, and plaintiff cross-moved for partial summary judgment on the issue of Crete's liability. Crete opposed both motions and cross-moved for an adverse inference charge based on the alleged spoliation of evidence by Zook. Supreme Court (Gilpatric, J.) denied Zook's motion and plaintiff's cross motion and granted Crete's cross motion. Zook appeals.
Initially, we agree that the doctrine of law of the case did not preclude consideration of the merits of Zook's summary judgment motion. In its February 2016 order, Supreme Court (Melkonian, J.) found that plaintiff's testimony that she felt two separate impacts was sufficient to raise a triable issue of fact regarding the order of the collision, i.e., whether the Zook vehicle was struck by the Crete vehicle before or after it struck plaintiff's car. Supreme Court (Gilpatric, J.) denied Zook's subsequent summary judgment motion on the basis that the prior finding that there was an issue of fact regarding the order of the collision constituted the law of the case precluding consideration of Zook's summary judgment motion. "The law of the case doctrine generally precludes relitigating an issue decided in an ongoing action where there previously was a full and fair opportunity to address the issue" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 40 AD3d 1177, 1179 [2007] [citations omitted]). However, a court may revisit a prior ruling where there is subsequent evidence affecting the prior determination (see Matter of Hersh, 129 AD3d 840, 840 [2015]; Lipp v Port Auth. of N.Y. & N.J., 57 AD3d 953, 954 [2008]; Town of Massena v Healthcare Underwriters Mut. Ins. Co., 40 AD3d at 1179). Notably, when Crete's renewal motion was granted in February 2016, depositions of Benner and Martinez had not been completed. As we previously noted, depositions of the parties were necessary to develop the relevant facts (see Gitman v Martinez, 139 AD3d at 1176). Zook made its summary judgment motion following completion of such depositions, and the "additional discovery place[d] the motion court in a far better position to determine a legally dispositive issue" (Foster v Kelly, 119 AD3d 1250, 1251 [2014] [internal quotation marks and citation omitted]; see Wenger v Goodell, 288 AD2d 815, 816 [2001], lv denied 98 NY2d 605 [2002]). Thus, the prior determination that was made upon a limited record did not constitute law of the case.[FN1]
Turning to the merits, a rear-end collision establishes a prima facie case of negligence, imposing a duty upon the operator of the trailing vehicle to provide a nonnegligent explanation for the collision (see National Interstate v A.J. Murphy Co., Inc., 9 AD3d 714, 715 [2004]). A "sudden and abrupt stop of the vehicle in front can constitute a sufficient explanation to overcome the inference of negligence" (Warner v Kain, 162 AD3d 1384, 1384 [2018] [internal quotation marks and citation omitted]). The rear-end collision between the Crete vehicle and the Zook vehicle established a prima facie case of negligence against Crete, and Zook established its prima facie entitlement to summary judgment dismissing plaintiff's complaint by submitting proof that the accident was caused by the Crete vehicle striking the Zook vehicle first and pushing it into the rear of plaintiff's vehicle. Benner testified that he saw plaintiff's vehicle slowing as it approached the construction zone and that he had slowed his vehicle to a speed of approximately 15-20 miles per hour when he was suddenly struck from behind. He testified that he heard a loud bang and that the force of the impact was so strong that his seat broke as his vehicle was pushed into the rear of plaintiff's car. Benner further testified that, immediately following the accident, Martinez told him, "I'm sorry[,] I didn't see you stopping or slowing down." Zook also submitted the affidavit of John Scott, an expert in accident reconstruction, who opined that the accident occurred when the Crete vehicle collided with the Zook vehicle, causing it to be propelled into the rear of plaintiff's vehicle twice.
In opposition, Crete relied on the deposition testimony of Martinez and plaintiff, and also submitted the affidavit of Matthew Arbour, a professional engineer. Martinez testified that the Zook vehicle stopped suddenly before the collision. Plaintiff's testimony that there were two separate impacts to her vehicle supports the inference that the Zook vehicle rear-ended plaintiff's vehicle before it was rear-ended by the Crete vehicle. Arbour opined that the evidence was insufficient to support Scott's opinion or to determine the number or sequence of impacts. When viewed in the light most favorable to the nonmovants, we conclude that Crete established the existence of a triable issue of fact as to whether there was a sudden and abrupt stop by the Zook vehicle (see Warner v Kain, 162 AD3d at 1386). Accordingly, Zook's motion for summary judgment was properly denied.
Zook further contends that Supreme Court erred in granting Crete's cross motion seeking an adverse inference charge based on Zook's spoliation of data from electronic recording devices in its vehicle. "[T]rial courts possess broad discretion to provide proportionate relief to a party deprived of lost or destroyed evidence, including . . . employing an adverse inference instruction at the trial of the action" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551 [2015]). " A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (id. at 547 [internal quotation marks and citations omitted]). As relevant here, spoliation sanctions may be imposed "even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided the party was on notice that the evidence might be needed for future litigation" (Simoneit v Mark Cerrone, Inc., 122 AD3d 1246, 1247 [2014] [internal quotation marks, brackets, ellipsis and citation omitted], amended 126 AD3d 1428 [2015]; see Enstrom v Garden Place Hotel, 27 AD3d 1084, 1086 [2006]; Cummings v Central Tractor Farm & Country, 281 AD2d 792, 793 [2001], lv dismissed 96 NY2d 896 [2001]).
In response to a June 2014 demand, Zook conceded that it was unable to produce any data from an electronic device or engine control module with which the Zook vehicle was equipped. In support of its cross motion seeking an adverse inference charge, Crete relied on Arbour's opinion that Zook's vehicle would likely have been equipped with an event data recorder (hereinafter EDR) capable of recording information regarding hard braking and last stop events, which may have provided information relevant to the determination of the number and sequence of collisions. Zook's expert, Scott, acknowledged that the Zook vehicle was equipped with an EDR installed by the manufacturer; however, he concluded — based on Benner's version of events — that it would not have provided any useful data. Scott further explained that "last stop" data is overwritten — and, therefore, is no longer available — when the vehicle is subsequently driven. After the accident on September 19, 2013, the Zook vehicle was towed from the scene to a nearby storage yard, where it remained until September 30, 2013, when Ivan Zook, a principal of Zook Trucking, LLC, removed the vehicle from storage and placed it back into service. Although any EDR data was destroyed before this action was commenced or any demand had been made for preservation or production of such information, Zook should have reasonably anticipated that a multi-vehicle accident resulting in personal injuries would likely result in litigation (see Simoneit v Mark Cerrone, Inc., 122 AD3d at 1248; Martinez v Paddock Chevrolet, Inc., 85 AD3d 1691, 1692 [2011]). Accordingly, we find no abuse of discretion in Supreme Court's determination that Crete is entitled to an adverse inference charge against Zook at trial (see Cioffi v S.M. Foods, Inc., 142 AD3d 520, 526 [2016]).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: We further note that law of the case binds only courts of coordinate jurisdiction and "does not prohibit appellate review of a subordinate court's order" (Matter of Jonathan M., 61 AD3d 1374, 1375 [2009] [internal quotation marks and citation omitted]). Accordingly, we are not restricted by the law of the case doctrine here (see Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1158 [2018]).